UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. McCLEARY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-768-RWS |
| | ) |
| DAN TORRES, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of George D. McCleary, III for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and thus, the Court will assess an initial partial filing fee of $6.47. *See* 28 U.S.C. § 1915(b)(1). Furthermore, having carefully reviewed the file, the Court finds that this action should be dismissed, without prejudice, based upon the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 46 (1971).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28

U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on May 11, 2006. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $32.37, and an average monthly account balance of $00.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.47, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly

baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a pre-trial detainee at the Lincoln County Jail in Troy, Missouri, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Dan Torres (sheriff), David Mobley (judge), C. John Richards, Geroge L. Gundy (assistant prosecutor), Sean Graham (police officer), and Unknown McNeil (police officer). Plaintiff alleges that, on January 13, 2005, defendants Graham and McNeil "entered [his] residence without a warrant or permission," and that "[t]he judge and prosecutors are maliciously prosecuting [him], knowing that the search was illegal." He further claims that "they are intentionally keeping [his] bond unreasonably high."

In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Harmon v. City of Kansas City, Missouri*, 197 F.3d 321, 325 (8th Cir. 1999); *see also, Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996).

Having carefully reviewed the case at bar, the Court concludes that the *Younger* criteria are satisfied and that abstention is warranted. Plaintiff states that there is an ongoing criminal case in Lincoln County; plaintiff's allegations implicate important state interests; and an adequate opportunity exists in the state proceeding to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with pending state judicial proceedings, the Court will

3

dismiss the instant action, without prejudice. *See Younger*, 401 U.S. at 43-44. In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.47 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, based upon the *Younger* abstention doctrine, the Clerk shall not issue process or cause process to issue upon the complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this   1st   day of   June  , 2006.

_____
**UNITED STATES DISTRICT JUDGE**